MEMORANDUM ***
Evleen Notali appeals the district court’s judgment affirming the Commissioner’s denial of her application for Social Security disability benefits. Notali argues that the administrative law judge (“ALJ”) erred in assigning “little weight” to the findings of her treating physician, Dr. Atul Syal, and in finding her not credible. We have jurisdiction under 28 U.S.C. § 1291 and vacate the judgment of the district court, with instructions to remand for further administrative proceedings.
1. The ALJ did not err in assigning “little weight” to Dr. Syal’s opinion. In general, “[t]o reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence.” Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995)). However, if a “treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record,” the treating physician’s opinion “is not entitled to ‘controlling weight.’ ” Orn v. Astrue, 495 F.3d 625, 631-32 (9th Cir. 2007) (quoting S.S.R. 96-2p at 4); see 20 C.F.R. § 404.1527. And, “[i]f a treating or examining doctor’s opinion is contradicted by another doctor’s opinion,” the ALJ can reject it, but only by “providing specific and legitimate reasons that are supported by substantial evidence.” Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Ryan v. Comm’r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).
Here, the ALJ highlighted several, sufficient reasons to find Dr. Syal’s findings were unsupported by “medically acceptable ... techniques,” Orn, 495 F.3d at 632, “inconsistent with other substantial evidence in the case record,” id. at 631, and “contradicted by another doctor’s opinion,” Garrison, 759 F.3d at 1012. The ALJ did not merely “reject[] [Dr. Syal’s] medical opinion ... while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.” Id. at 1012-13. Rather, he provided several “specific and legitimate reasons ... supported by substantial evidence” for assigning “little weight” to Dr. Syal’s findings. Id. at 1012.
2. The, ALJ erred in finding that Notali’s testimony about her symptoms was not credible. Because there is no evidence of malingering, the ALJ can reject an applicant’s testimony “about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.” Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting Smolen v. Chater, 80 F.3d 1273, 1281, (9th Cir. 1996)). “The clear and convincing.standard is the most demanding required in Social Security cases.” Garrison, 759 F.3d at 1015 (quoting Moore v. Comm’r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)). “A *626 finding that a claimant’s testimony is not credible ‘must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant’s testimony on permissible grounds and did not arbitrarily discredit a claimant’s testimony regarding pain.’ ” Brown-Hunter v. Colvin, 806 F.3d 487, 493 (9th Cir. 2015) (quoting Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc)). “General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant’s complaints.” Id. (quoting Reddick v. Chater, 167 F.3d 715, 722 (9th Cir. 1998)).
Here, although the ALJ provided a detailed discussion of the evidence, he did not “specifically identify the testimony ... he [found] not to be credible” and did not “explain what evidence undermine[d] the testimony.” Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (emphasis added). Accordingly, the ALJ erred when he failed to provide specific, clear and convincing reasons for his credibility determination.[1]
3. When a court determines that the Commissioner erred, “the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.” Treichler v. Comm’r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985)). “A remand for an immediate award of benefits is appropriate ... only in ‘rare circumstances.’ ” Brown-Hunter, 806 F.3d at 495 (quoting Treichler, 775 F.3d at 1099). Because this is not one of those rare circumstances, we remand for further administrative proceedings.
VACATED AND REMANDED, WITH INSTRUCTIONS TO REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Any "inconsistencies identified independently by the district court cannot provide the basis upon which we can affirm the ALJ's decision.” Brown-Hunter, 806 F.3d at 494.